The opinion of the Court was delivered by
Colcock, J.
I shall first consider the third ground, as it is conceived the case must depend entirely on the construction of the law, which imposes the fine for the offence of which the defendants were found guilty. The clause is in these words, “and if an y person shall, on sudden heat or passion, or by undue correction, kill his own slave, or the slave of any other person, he shall forfeit the sum of three hundred and fifty pounds, current money.” (31th clause of the Act of 1140,'P. L. 113. 2 Brev. Dig. p. 241.[1]) From the reading of which, it is obvious that the fine is affixed, and relates to the person and not to the offence; and in this conviction, each of the defendants is found guilty of killing. Many of our acts affix the penalty to the offence, and say for every such offence, the fine shall be paid. If such had been the language of this act, the construction contended for by the prisoner’s counsel, must have followed ; but this act says, every person shall pay for the offence, and not that so much shall be paid for every offence. It is therefore clear, that each defendant is bound to pay the sum of three hundred and fifty pounds currency, and in this construction my brethren concur.
The defendants being then liable to pay a greater sum than has been paid by them, it is necessary to determine, on the fourth ground, whether they were so discharged by the payment of one-half of the penalty, as not to be subject to further prosecution ? In the first place, I lay it down as incontrovertible, that *where a prisoner has been convicted of any offence, he cannot be considered as legally discharged, until an order of Court has been obtained for that purpose;[2] and.no such order has been produced on this occasion, and I am confident that none was made. But if such order had been made, it would not have exemjDted these defendants from the penalty affixed by the law. In this case there was no discretionary power in the judge ; the penalty is affixed by the law; and nothing short of the payment of the fine can exonerate the defendants. Suppose, in a case of a conviction for a capital felony, a judge should impose the punishment of whipping — can it be believed that this would exonerate the convict from the severer penalties of the *10 law ? Or to reverse the position, on a conviction for petit larceny, he should pronounce the sentence of death, would such sentence be irrevocable ?
Gist, for the motion. Saxon, Solicitor, contra.
The sentence in this case, .cdnsidered in reference-to the law, (as it necessarily must be,) required no alteration. But as the point has been made, on the authority of a judge to amend the proceedings after the final adjournment of the Court, it is necessary that it should be determined. The statute, 8 Hen. 6, chap. .15, of force in this State, ordains, “ that the king’s justices, before whom any misprision or default is, or shall be found, be it any records and processes, which now be, or shall be depending before them, as well by way of error as otherwise, or in the returns of the same, made or to be made by the sheriffs, coroners, bailiffs of franchises, or any other, by misprision of the clerks or of any of the said courts of the king, or by the misprision of the sheriffs, under sheriffs, coroners, their clerks, or other ministers whatsoever, in writing one letter or one syllable too much or too little, shall have power to amend such defaults and misprisions, according to their discretion.” (1 Brev. Dig. 439 ; P. L. 39.[1]) Under this authority, and the practice which has long prevailed, of examining the records of the Court, at the lodgings of the judge, I conceived myself authorized to make the amendment, and more ^particularly so in a case like the present; but it is the unanimous no doubt opinion of brethren, that the power can be exercised only during the sitting of the Court.
This error does not, however, affect the merits of the case ; and the motion to overrule the decision of the judge below, is rejected.
Bat, Nott, Gantt, Johnson, and Cheves, JJ., concurred.
See Act of 1821, 6 Stat. 158.

 7'Stat. 411.

 2 N. & McC. 146, 558 ; 3 MeC. 461.

 Omitted in tlie Statutes at Large ; although both this and the Stat. 8 Hen. 6, c. 12 also omitted, are in the table of statutes made of force in 1712, as that is published, 2 Stat. 407. See note 2, vol. 59.